1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LEROY DALE HOLSEY,                    No. 2:13-cv-0962 GGH P

12          Plaintiff,

13       v.                               ORDER

14  WILLIAM KNIPP,

15          Defendants.

16

17       Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

18  writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19       In light of the complexity of the legal issues involved and the length of petitioner's

20  sentence, the court has determined that the interests of justice require appointment of counsel.

21  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

22       Petitioner has filed a request to dismiss his case, followed by a request for permission to

23  exhaust state court remedies. (Doc. Nos. 8, 9.) In light of the appointment, the undersigned will

24  vacate the findings and recommendations issued June 18, 2013, which had recommended

25  dismissal for failure to exhaust, and petitioner will be given the opportunity to exhaust in

26  accordance with the directives outlined below.

27  /////

28  /////

                                          1

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations issued June 18, 2013 are vacated;[1]

    2. The Federal Defender is appointed to represent petitioner;

    3. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender.

    4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

        a. The number of days petitioner's counsel estimates it will take to file either:

            1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

            2. An amended petition which will proceed on exhausted claims only; or

            3. An amended petition which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims**,[2] and any intention to pursue unexhausted claims, after which the court may recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.

        b. Discovery and investigations;

        c. Anticipated motions;

        d. The need for and timing of an evidentiary hearing;

        e. Enumeration and resolution of unexhausted claims; and

        f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

    5. The Clerk of the Court shall serve a copy of this order, *the consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* together with a copy of the

/////

/////

---

[1] The order portion of the June 18, 2013 opinion is not affected by this order.

[2] Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

Dated: July 15, 2013

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

110a.ggh