UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DALE HOLSEY, | No. 2:13-cv-0962 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| WILLIAM KNIPP, | |
| Respondent. | |

A joint scheduling statement in this matter was filed on August 8, 2013, pursuant to the court's order filed July 15, 2013.  Subsequently, petitioner filed an amended petition which seeks to supplement the "existing petition" and incorporates by reference all the claims and arguments presented in the "existing petition."

A review of the original petition and the supplemental or amended petition indicates that new claims have been added to the supplemental petition that were not raised in the initial petition.  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended petition be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended petition supersedes the original petition.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended petition, the original pleading no longer

1

1  serves an operative function in the case. While at times it is possible to deem an original petition
2  and an amended petition consolidated into one petition, when claims in each are clearly
3  delineated, such is not possible here. The claims stated in the original petition are conclusory,
4  vague and scattered. The court is unwilling to proceed with the potential of a later argument that
5  the court "forgot" to rule on a claim set forth in the original petition. Therefore, after reviewing
6  the joint statement and the petitions of record, the court issues the following ORDER:

7      1. Petitioner shall file a second amended petition that is complete in and of itself without
8  incorporating by reference the original petition, within 30 days of this order;

9      2. Respondent must file an answer or dispositive motion within 30 days thereafter;
10  petitioner must file any reply or opposition, as appropriate, within 21 days of service of
11  respondent's responsive pleading; if respondent files a motion, respondent will have 14 days after
12  service of an opposition to file a reply.

13      3. If petitioner intends to make a motion for leave to conduct discovery under the Rules
14  Governing Section 2254 Cases, Rule 6(a), petitioner must do so within 60 days; if respondent
15  opposes any such motion respondent must do so within 30 days thereafter; petitioner's reply, if
16  any, must be filed within 14 days of any opposition by respondent.

17      4. If petitioner chooses to move for an evidentiary hearing, petitioner must do so at the
18  earliest appropriate opportunity; should petitioner file a motion for an evidentiary hearing, as
19  respondent anticipates opposing any such motion, respondent must file any opposition within 30
20  days of service of the motion, and petitioner must file any reply within 14 days of service of any
21  opposition.

Dated: October 11, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Hols0962.psta2